IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ZACKARY LEE MCHUGH, | CV-21-00106-M-DLC |
| Plaintiff, | |
| vs. | |
| | ORDER |
| MISSOULA COUNTY DETENTION FACILITY STAFF and REPRESENTATIVES, | |
| Defendants. | |

Plaintiff Zackary McHugh, a state prisoner proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 alleging Defendants failed to provide him medical care in violation of his rights secured by the United States Constitution. The Court will grant the motion to proceed in forma pauperis but because McHugh's allegations fail to state a federal claim upon which relief may be granted, this matter will be dismissed. The Court determines that McHugh could not remedy the deficiencies in his Complaint by amendment.

I. MOTION TO PROCEED IN FORMA PAUPERIS

McHugh's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.) The Court will grant the request to proceed in forma pauperis but since Mr. Smith is a

1

prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because McHugh submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). McHugh may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). McHugh must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct the facility where McHugh is currently incarcerated to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING STANDARD

McHugh is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

2

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or

"amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  SCREENING ANALYSIS

McHugh alleges that the doctor and nursing staff at Missoula County Detention Facility ("MCDF") acted negligently when they checked McHugh's INR

4

levels every four weeks instead of two, between August, 2020 and July, 2021. (Doc. 2 at 4.) McHugh asserts he was "uncomfortable" going four weeks between blood draws to test his levels. McHugh states that he did not grieve this issue, despite MCDF having a grievance procedure. (Doc. 2 at 6-8.)

To prove a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, to prevail, McHugh must show both that his medical needs were objectively serious, and that Defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Once there is a showing of a serious medical need, a plaintiff must show that a defendant was deliberately indifferent to that need. Negligence is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Deliberate indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A prison official's duty under the Eighth Amendment is to ensure reasonable safety," and "prison officials who act reasonably cannot be found liable[.]" *Farmer*, 511 U.S. at 844-45 (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993).)

    McHugh's Complaint fails to state a claim, because it does not allege sufficient facts to plausibly assert an Eighth Amendment violation. McHugh does not allege that he has a serious medical need. He prefers biweekly rather than monthly testing of his INR levels (without defining them or identifying why this testing is necessary), yet he does not assert that he suffers any kind of medical damage without receiving that level of testing. He claims he is "uncomfortable" with the level of testing he received at MCDF, and anxious about it, but he does not contend that he was otherwise medically impacted. (Doc. 2 at 5.)

    Further, he contends that Defendants' actions are "negligent," but he does not allege that their failure to comply with his schedule shows deliberate indifference. The Court does not require McHugh to mimic the mere terms of the standard, but he must allege more than that he prefers treatment other than what he is receiving. That is insufficient, factually, to state an Eighth Amendment claim.

    McHugh also fails to provide specifics that would allow any defendant to

know exactly what he or she is accused of. He says that he made his concerns clear to the nurses, and they passed the information on. He does not allege that they had an obligation to do anything other than that. He then alleges that "the doctor" refused to change his INR testing regimen. He does not allege when, whether he spoke with the doctor on some occasion, whether the doctor discussed this topic with him, etc. Without dates, times, places, and context, his bare allegations do not provide enough detail to provide notice to any particular person of his claims against him or her.

Finally, and most importantly, McHugh failed to exhaust his administrative remedies at MCDF and is therefore ineligible to pursue this claim here. The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 93 - 97 (2006). Exhaustion is mandatory. *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d

1162, 1170 (9th Cir. 2014).

McHugh's Complaint makes clear that he was aware that the MCDF grievance procedure covered his claims, yet he chose not to exhaust it. (Doc. 2 at 6-8.) He attaches to his complaint a grievance form that he mailed to MCDF after he had already been transferred to Montana State Prison ("MSP") and, presumably, after he intended to file this lawsuit and realized that exhaustion is required. Exhaustion is a prerequisite to suit and cannot be completed after the suit is filed. Though allegations of exhaustion are not a pleading requirement that must be on the face of a Complaint, an affirmative representation as to its absence may be grounds for dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007). McHugh failed to exhaust his administrative claims before filing suit and therefore his Complaint must be dismissed.

Accordingly, the Court issues the following:

**ORDER**

1. McHugh's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. This matter is DISMISSED for failure to state a federal claim.

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

6. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. McHugh has failed to state a claim upon which relief may be granted.

DATED this 7th day of October, 2021.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court